USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

YONI CHAMORO, *on behalf of himself and all other persons similarly situated*,

                        Plaintiff,

                        -v-

293 3rd CAFÉ INC. d/b/a THE BLUEBELL CAFÉ, PETER O'CONNELL, and SHEILA MCDONAGH,

                        Defendants.

------------------------------------------------------------------X

16 Civ. 339 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On June 14, 2016, the parties applied to the Court for approval of a proposed settlement agreement in this Fair Labor Standards Act ("FLSA") action. The application contained a joint letter, Dkt. 17 ("Letter"), the proposed agreement, Dkt. 18 ("Agreement"), a stipulation dismissing this action with prejudice, Dkt. 17, Ex. 1, and plaintiff Yoni Chamoro's damages calculation, *id.*, Ex. 2. On June 23 and September 22, 2016, respectively, plaintiff's counsel submitted documentation of the hours worked, Dkt. 20 ("Fees Letter"), and the costs incurred, Dkt. 21, in connection with this matter.

For the reasons that follow, the Court approves the Agreement.

**I.  Background**

Between January 2011 and August 2015, Chamoro was employed by defendants as a chef and food preparer at The Bluebell Café, located at 293 Third Avenue in Manhattan. Dkt. 1 ("Compl."), ¶¶ 5, 27–28. On January 15, 2015, Chamoro brought this action. He brings claims

under the FLSA and New York Labor Law ("NYLL") for unpaid overtime, and violations of the notice provisions of the New York Wage Theft Prevention Act ("WTPA"). *Id.* ¶¶ 43–57.

Under the Agreement, defendants are to pay Chamoro a total of $52,000 within 10 days of the Court's dismissal of this case. Agreement ¶¶ 4, 7. Of that amount, Chamoro is to retain $34,333.28, and his counsel is to receive $17,766.64. *Id.* ¶ 7. In exchange, Chamoro will release defendants from all claims arising under the FLSA, NYLL, and WTPA "with respect . . . to conduct that has arisen on, or prior to, the date [the] Agreement is executed." *Id.* ¶ 5.

## II.     Discussion

### A.     Approval of Settlement Agreement

Under the FLSA, any employer that violates the requirement to pay minimum or overtime wages "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015)

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel';

and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Factors that weigh against settlement approval "include the following: (1) 'the presence of other employees situated similarly to the claimant'; (2) 'a likelihood that the claimant's circumstance will recur'; (3) 'a history of FLSA non-compliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.'" *Id.* at 336 (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010)). Courts in this Circuit also routinely decline to approve settlements containing confidentiality provisions, overbroad non-disparagement provisions, or general release provisions that extend beyond the claims at issue in the lawsuit. *See Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *1–2 (S.D.N.Y. Jan. 15, 2016) (collecting cases).

Having considered the relevant factors, the Court finds they support approval of the Agreement here.

First, the $52,000 settlement amount constitutes a substantial proportion (71.8%) of the total possible amount that Chamoro could recover if successful at trial ($72,447.50, consisting of $34,515 in overtime damages, $5,000 in WTPA damages, and $32,932.50 in "stacked" liquidated damages). *See* Letter, at 1–2; *id.*, Ex. 2. And the $34,333.28 Chamoro will retain provides nearly full recovery (99.5%) of back wages. *Id.*

Second, as this case has not proceeded beyond the early stages of discovery, the settlement will save the parties substantial time and expenses. While the parties have exchanged

3

preliminary documents, *see* Fees Letter, at 2, they have not yet undertaken formal discovery. The settlement will allow them to avoid the costs of depositions, motion practice, and trial.

Third, Chamoro would face significant litigation risks were he to proceed to trial. Defendants dispute his claim that he routinely worked more than 40 hours per week. Letter, at 2. And, because there are no time records, Chamoro's ability to recover would have turned largely on his credibility at trial. *Id.* There is also a risk that Chamoro would not have been awarded liquidated damages under either the FLSA or the NYLL, or at all. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) ("[D]istrict courts [have] discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith.'" (citing 29 U.S.C. § 260)); *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 505–06 (S.D.N.Y. 2015) (collecting cases holding that plaintiffs are entitled to only one set of liquidated damages). Chamoro also has concerns about collectability, Letter, at 2, which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); *accord Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112 (PAE), 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015).

As to the fourth and fifth factors, there are no signs of fraud or collusion. To the contrary, the Agreement appears the product of arm's-length negotiations at which Chamoro was represented by competent, experienced counsel. *See* Letter, at 1; Fees Letter, at 1. These negotiations followed an exchange of relevant documents, which no doubt informed the parties as to the strengths and weaknesses of their positions. *See* Fees Letter, at 2 (documenting time spent by Chamoro's counsel reviewing pay records and negotiating settlement terms). And, because Chamoro no longer works for defendants, the Court has little concern that defendants used improper leverage to secure settlement. *See Cisneros v. Schnipper Rest. LLC*, No. 13 Civ.

6266 (JMF), 2014 WL 67235, at *1 (S.D.N.Y. Jan. 8, 2014) (concerns about coercion "not as relevant when the plaintiffs no longer work for the defendant").

Finally, no factor that weighs against settlement approval appears present. First, the Court is unaware of other employees in the same position as Chamoro, who, as sole plaintiff, will be the only employee affected by dismissal. *See Penafiel*, 2015 WL 7736551, at *2 (fact that "no other employee ha[d] come forward" supported settlement approval); *Santos v. Yellowstone Props., Inc.*, No. 15 Civ. 3986 (PAE), 2016 WL 2757427, at *3 (S.D.N.Y. May 10, 2016) (same). Second, there is no indication of a pattern of FLSA violations by defendants or a likelihood that Chamoro's circumstances will recur. Third, Chamoro's complaint does not appear to raise any novel factual or legal issues that would further the development of law in this area. Fourth, the Agreement contains a release narrowly tailored to Chamoro's wage-and-hour claims. Agreement ¶ 5 (limiting release to claims under the FLSA, NYLL, and WTPA arising "solely [out of] conduct that has arisen on, or prior to, the date [the] Agreement is executed"); *see Martinez*, 2016 WL 206474, at *2 ("Courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Fifth, the Agreement does not contain a confidentiality or non-disparagement provision. *See Lopez*, 96 F. Supp. 3d at 177–81 (discussing why confidentiality provisions are in tension with the remedial purposes of the FLSA); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (overbroad non-disparagement provision "contravenes the remedial purposes of the [FLSA]") (internal quotation marks and citation omitted).

Therefore, having considered the totality of the circumstances, the Court finds the Agreement fair and reasonable.

### B. Approval of Attorney's Fees and Costs

Both the FLSA and the NYLL are fee-shifting statutes that entitle plaintiffs to recover reasonable attorney's fees and costs incurred successfully prosecuting wage-and-hour actions. *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012); *see* 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Lab. Law § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee [under the NYLL] in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees."). "Where plaintiffs obtain a favorable settlement in an action brought pursuant to the FLSA, they constitute prevailing parties and are entitled to attorney's fees." *Andrews v. City of New York*, 118 F. Supp. 3d 630, 634–35 (S.D.N.Y. 2015); *see also Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) ("[T]he fact that [plaintiff] prevailed through a settlement rather than through litigation does not weaken [plaintiff's] claim to fees." (quoting *Maher v. Gagne*, 448 U.S. 122, 129 (1980))).

Here, the Agreement allocates $17,666.64 of the $52,000 settlement amount to Samuel & Stein, which represents Chamoro in this action. Agreement ¶ 7(A)(iii). That sum comprises (1) $502 in costs incurred by counsel in bringing this action, and (2) $17,164.66 (or 33% of the net settlement amount) in attorney's fees. Letter, at 2; Dkt. 21, at 1. This award is consistent with "contingency fees that are commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); *cf. Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at

6

\*3 (S.D.N.Y. Dec. 14, 2015) ("[W]hen awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement *net* of costs.").

Regardless, the Court must independently ascertain the reasonableness of the requested fees and costs. *See Penafiel*, 2015 WL 7736551, at \*2 (citing 29 U.S.C. § 216(b) (allowing "a *reasonable* attorney's fee") (emphasis in *Penafiel*)).

### 1. Costs

"[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Rhodes v. Davis*, No. 08 Civ. 9681 (GBD), 2015 WL 1413413, at \*4 (S.D.N.Y. Mar. 23, 2015) (quoting *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). The requesting party must substantiate the request for costs. *See CJ Prods. LLC v. Your Store Online LLC*, No. 11 Civ. 9513 (GBD), 2012 WL 4714820, at \*2 (S.D.N.Y. Oct. 3, 2012) (denying reimbursement for undocumented costs). Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts. *See Abel v. Town Sports Int'l LLC*, No. 09 Civ. 10388 (DF), 2012 WL 6720919, at \*34 (S.D.N.Y. Dec. 16, 2012). A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient. *Id.*

Here, plaintiff's counsel seeks $502 for costs incurred for filing fees and service of process. *See* Dkt. 21. To support this request, counsel submitted an itemization of costs incurred by Samuel & Stein in connection with this action. *Id.* Having reviewed these disbursements, the Court finds them adequately documented, reasonable, and of the type commonly reimbursed by courts in this District. *See, e.g., Ni v. Bat-Yam Food Servs. Inc.*, No. 113 Civ. 07274 (ALC), 2016 WL 369681, at \*8 (S.D.N.Y. Jan. 27, 2016) (awarding $579.78 for expenses, including

$400 filing fee and costs of mailing, legal research, and service of process); *Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906 (HBP), 2014 WL 4996248, at *9 (S.D.N.Y. Oct. 7, 2014) (awarding $607 for litigation expenses, including filing fees, service of process, and postage and delivery costs).

### 2. Attorney's Fees

The starting point for determining the presumptively reasonable fee award is the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotation marks omitted). As to the reasonable hourly rate, the Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190–91 (2d Cir. 2008).

Plaintiff's counsel, Michael Samuel, has provided contemporaneous time records documenting the work he performed in connection with this action. *See* Fees Letter, at 2–3. Samuel is a senior partner at Samuel & Stein with 24 years of experience, eight focused on wage-and-hour cases. *Id.* at 1. He submits that his lodestar in connection with this lawsuit is $12,440, based on 31.1 hours of work billed at $400 per hour. *Id.* at 1–3; Letter, at 2. Samuel's hourly rate is in line with the rates generally awarded in this District to attorneys with commensurate levels of experience in employment actions. *See Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015) (approving hourly rate of $450 to partner with 17 years'

legal experience, eight of which were spent prosecuting wage-and-hour cases); *Patino v. Brady Parking, Inc.*, 11 Civ. 3080 (AT) (DF), 2015 WL 2069743, at *3 (S.D.N.Y. Apr. 30, 2015) (approving hourly rate of $400 to founding partner with 13 years' experience in labor and employment law); *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014) ("Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases." (internal quotation marks and citation omitted)); *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *9 (S.D.N.Y. Sept. 19, 2014) (collecting cases that approved hourly rates of $300–$400 in FLSA actions); *Kahlil*, 657 F. Supp. 2d at 475–76 ($400 per hour rate appropriate for attorney at small firm with 25 years' experience).

In addition, having reviewed Samuel's time records, the Court finds that they reflect sound billing practices: They are sufficiently thorough, detailed, relevant, and easy to understand, and do not reveal any duplication of effort. *See* Fees Letter, at 2–3. Accordingly, the Court approves Samuel's proffered lodestar.

The $17,164.64 fee award allocated by the Agreement ($17,666.64, less $502 in costs), would represent a 1.38 multiplier of the lodestar. Having considered (1) the quality of the representation, (2) the magnitude of the settlement award, (3) the time and effort plaintiff's counsel spent litigating this action and securing settlement, and (4) the considerable risk involved with taking this case on a contingency fee basis, the Court finds this award fair, reasonable, and in line with fees routinely approved in this District. *See Sakiko*, 58 F. Supp. 3d at 439 (awarding fee constituting 2.28 multiplier of modified lodestar calculation and noting that "multiplier near 2 compensates [plaintiffs' counsel] appropriately" for "the risk associated with contingent fees in FLSA cases"); *Lizondro-Garcia*, 2015 WL 4006896, at *10–12 (finding "award of $105,000 or

one-third of the fund—a 1.68 multiplier of the lodestar calculation and a 1.52 multiplier of plaintiffs' counsel's stated hourly rates"—reasonable in light of quality of counsel, time and labor expended, risks of litigation, and litigation's magnitude and complexity); *Hart v. RCI Hosp. Holdings, Inc.*, No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *14 (S.D.N.Y. Sept. 22, 2015) (finding multiplier of 1.08 "quite low relative to the multipliers in many cases in which fees have been approved in this District").

The Court, therefore, finds the Agreement's provision for attorney's fees fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Court approves the parties' settlement agreement, pursuant to which Chamoro is to recover $34,333.28, and his counsel is to receive $17,766.64. This action is hereby dismissed with prejudice, and the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 30, 2016
       New York, New York